UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON ADDISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00980-AGF |
| ) | |
| SIMPLER POSTAGE, INC. d/b/a ) | |
| EASYPOST, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jason Addison's motion to remand. ECF No. 9. For the reasons set forth below, the Court will grant Plaintiff's motion.

## BACKGROUND

Plaintiff filed this lawsuit in the Circuit Court of St. Louis County, Missouri, on April 10, 2018, against his former employer, Defendant Simpler Postage, Inc. In his complaint, Plaintiff claims that Defendant failed to pay a $10,000 sales commission earned by Plaintiff during the course of his employment with Defendant. Plaintiff asserts two counts in his lawsuit: (1) violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. 407.913; and (2) breach of contract. He seeks damages in excess of $25,000, which includes the $10,000 commission, plus attorney's fees and litigation costs. ECF No. 5.

Defendant filed a notice of removal on June 15, 2018, alleging that this Court has

diversity jurisdiction because Plaintiff seeks damages in excess of $75,000.[1]  ECF No. 1.
Specifically, Defendant argues that Plaintiff may be entitled to receive an additional amount under the MMPA, including $10,000 for each month following the end of his employment date to the present (over eight months), attorney's fees, and punitive damages.

In his motion to remand the lawsuit to state court, Plaintiff maintains that his complaint seeks the recovery of a one-time unpaid sales commission of $10,000, plus another $10,000 authorized under the MMPA, and attorney's fees.  He contends that these amounts are insufficient to meet the $75,000 jurisdictional threshold.  ECF No. 9.

The Court reviewed the arguments of the parties and determined that the matter may be appropriate for remand.  However, the Court determined that Plaintiff's complaint did not assist the Court in determining the amount in controversy.  In light of Plaintiff's consistent denial in his papers that he was not seeking an amount in excess of $75,000, the Court granted Plaintiff leave to file a stipulation to that effect, should he elect to do so.  ECF No. 16.

On July 31, 2018, counsel for Plaintiff filed a "Stipulation as to Amount-in-Controversy" signed by Plaintiff's counsel stating, inter alia, that Plaintiff would neither seek nor accept damages or judgment in excess of $75,000, exclusive of interest and costs. ECF No. 17.  However, the filing appeared not to meet the requirements of this Circuit because it was not signed under oath by Plaintiff.  *See Ward v. Sailormen, Inc.*,

---

[1] It is undisputed that complete diversity of citizenship exists in this case.

No. 4:06CV1814 JCH, 2007 WL 1040934, at *2 (E.D. Mo. Apr. 3, 2007) (holding that a paper signed by the attorney could not constitute a binding stipulation because it was not signed and notarized by the plaintiff); *see also McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010). Therefore, the Court reserved ruling on the motion to remand to allow Plaintiff to submit any supplemental filings. ECF No. 18.

On August 3, 2018, Plaintiff submitted a signed stipulation that the amount of money damages he was seeking is less than $75,000, exclusive of interest and costs, and that Plaintiff stipulated to limiting his recovery in this case to less than $75,000. Plaintiff also seeks attorney's fees for defending against the motion to remand. ECF No. 19.

## **DISCUSSION**

Federal courts have jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, where the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Waters v. Ferrara*

*Candy Co.*, 873 F.3d 633, 635–36 (8th Cir. 2017) (citing *Dart Cherokee*, 135 S. Ct. at 553–54 & 554 n.1). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554.

"The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). "Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are. Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hughes v. Transwood, Inc.*, No. 4:17CV01943 PLC, 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018) (citation omitted).

Generally, a federal court's jurisdiction, including the amount in controversy, is measured at the time of filing, or, for a removed case, at the time of removal. *See Schubert v. Auto Owners Ins. Co*., 649 F.3d 817, 822-23 (8th Cir. 2011). However, while post-removal events "do not oust the district court's jurisdiction once it has attached," *St. Paul Mercury Indem. Co. v. Red Cab. Co*., 303 U.S. 283, 292 (1938), the Court may consider subsequent events showing that, in fact, the required amount was or was not in controversy at the time federal court jurisdiction was invoked, *Schubert*, 649 F.3d at 823 (internal quotation marks and citation omitted). Post-removal affidavits may, therefore,

4

be considered to resolve whether the district court has jurisdiction. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016) (per curiam). However, a post-removal affidavit will only be considered to the extent it clarifies, rather than amends, the original pleading. *Armour v. Schneider Nat'l Carriers, Inc.,* No. 4:16CV1328 JCH, 2016 WL 5470466, at *2, n. 2 (E.D. Mo. Sept. 29, 2016)

Here, Plaintiff submitted a stipulation that the amount in money damages he is seeking is less than $75,000, exclusive of interest and costs; that he will limit his recovery to $75,000, exclusive of interest and costs; and that he will neither seek nor accept damages or judgment in excess of $75,000, exclusive of interest and costs. This stipulation clarifies the original pleading, which did not include a specific amount of damages in accordance with Missouri state law. By filing the signed and notarized stipulation, Plaintiff has established to a legal certainty that the claim is for less than the requisite amount. *See Hughes*, 2018 WL 1762719, at *2. As a result, Plaintiff's motion to remand will be granted.

However, the Court does not believe that an award of attorney's fees to Plaintiff is warranted. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court cannot say that Defendant lacked an objectively reasonable basis for seeking removal. Therefore, Plaintiff's request for attorney's fees and costs is denied. *See Poole v. Ikea*

*U.S. W., Inc.*, No. 4:18CV00446 AGF, 2018 WL 2193650, at *3 (E.D. Mo. May 14, 2018).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's motion to remand (ECF No. 9) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, in which it was filed.

                                                                            */s/ Audrey G. Fleissig*
                                                                AUDREY G. FLEISSIG
                                                                UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2018.